UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SPRINGER,<br>Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIR ISAAC CORPORATION,<br><br>    Defendant. | No. 14-CV-02238-TLN-AC<br><br>**ORDER** |

  This matter is before the Court pursuant to Plaintiff Richard Springer's ("Plaintiff") Motion to Strike Affirmative Defenses from Defendant Fair Isaac Corporation's ("Defendant") Answer. (ECF No. 15.) Defendant opposes Plaintiff's motion. (ECF No. 19.) The Court has carefully considered the arguments raised in Plaintiff's Motion (ECF No. 15) and Reply (ECF No. 20), as well as Defendant's Opposition (ECF No. 19). For the reasons set forth below, the Court **DENIES IN PART** and **GRANTS IN PART** Plaintiff's Motion to Strike.

  **I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

  On September 25, 2014, Plaintiff filed his first Complaint pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). (ECF No. 1.) Plaintiff brings this action on behalf of himself and all others who may have suffered from Defendant's alleged privacy violations. (ECF No. 1 at 7.) Plaintiff alleges two causes of actions: (1) negligent

1

violation of the TCPA; and (2) willful violation of the TCPA.  (ECF No. 1 at 10.)  Plaintiff seeks statutory damages, injunctive relief, and any other relief the Court may deem just and proper for himself and each class member.  (ECF No. 1 at 11.)

Plaintiff alleges the following.  Sometime prior to October 1, 2012, he was assigned and became the owner of a cellular phone number from his wireless provider.  (ECF No. 1 at ¶ 13.)  Beginning on or about October 2, 2012, Plaintiff began to receive numerous unauthorized telephone calls on his cellular phone from Defendant and/or its subsidiary through the use of an automatic phone dialing system.  (ECF No. 1 at ¶ 14.)  During these calls, Defendant, by artificial or prerecorded voice, was attempting to call a person other than Plaintiff.  (ECF No. 1 at ¶ 16.)

Plaintiff also alleges that on or about October 2, 2012, during one of these calls from Defendant, Plaintiff was able to speak to a human representative of Defendant.  (ECF No. 1 at ¶ 17.)  Plaintiff told Defendant's representative that he did not know the person Defendant was trying to contact and requested Defendant to immediately stop calling.  (ECF No. 1 at ¶ 17.)  Defendant then continued to call Plaintiff on multiple occasions through October 10, 2012, including but not limited to auto-dialing.  (ECF No. 1 at ¶ 19.)  During these subsequent calls, Plaintiff repeatedly told Defendant's representative that he was the new owner of this cellular phone number and requested the calls to stop.  (ECF No. 1 at ¶ 18.)

On November 20, 2014, Defendant filed his Answer to Plaintiff's Complaint, asserting twenty-five affirmative defenses.  (ECF No. 9.)  Plaintiff now moves this Court, under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), to strike Defendant's third, and seventh through sixteenth affirmative defenses.[1]  (ECF No. 15.)  Defendant opposes Plaintiff's Motion to Strike, and seeks leave to amend his Answer if these defenses are stricken.  (ECF No. 19.)

## II.     LEGAL STANDARD

### A. Motion to Strike

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to

---

[1] In his Motion to Strike, Plaintiff also sought to strike Defendant's sixth affirmative defense.  (ECF No. 15 at 2.)  Plaintiff then withdrew this challenge in his Reply to Defendant's Opposition.  (ECF No. 20 at 10.)

strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id*. Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2). If a court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery. *See generally Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

### B. Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). The Ninth Circuit states that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47−48 (1957)); *accord Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cir. 2008).[2]

Under the fair notice standard, a defendant is only required to "state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley*, 355 U.S. at 47). "On the other hand, an affirmative defense is

---

[2] Following the Supreme Court's decisions in *Iqbal and Twombly*, district courts within the Ninth Circuit are split as to whether the heightened pleading standard established in those two cases applied to the analysis of affirmative defenses in Rule 12(f) motions. *Aubin Industries, Inc. v. Caster Concepts, Inc.*, No. 2:14-CV-02082-MCE, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015) (England, J.). However, this Court applies the *Wyshak* fair notice standard in this instance, consistent with other courts within the Eastern District of California. *Id.* (finding that the Ninth Circuit resolved this district split in favor of applying the fair notice standard in *Kohler v. Flava Enterprises, Inc.,* 779 F.3d 1016 (9th Cir.2015)). "*Wyshak*, and not *Twombly/Iqbal*, provides the proper yardstick for assessing the sufficiency of affirmative defenses." *Id.*

legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id.* (quoting *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)). The pleadings are only required to describe each defense in "general terms," as long as it gives the plaintiff fair notice of the nature of the defense. *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

**III.   ANALYSIS**

**A. Defendant's Third Affirmative Defense of Good Faith Stands Because Prior Express Consent Defenses are Allowed in TCPA Claims.**

Defendant's third affirmative defense of reasonable and good faith states:

> Defendant's actions were taken in good faith, in reliance upon information provided by its customers and others, and with a reasonable belief that such actions were legal, appropriate and necessary. The conduct alleged to be in violation of a statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Defendant's reasonable and appropriate efforts to avoid any such violation.

(ECF No. 9 at 9.) Plaintiff moves to strike this affirmative defense on the grounds that good faith affirmative defenses are not applicable to the TCPA because it is a strict liability statute. (ECF No. 15-1 at 5.) Defendant disagrees, arguing that a good faith affirmative defense that claims a prior express consent does apply to the TCPA. (ECF No. 19 at 5.) The Court agrees with Defendant and will allow the third affirmative defense to stand.

The TCPA was enacted to combat the proliferation of automated telemarketing calls to private residences. *Scatterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (reversing the district court's decision on other grounds). To prove a claim under the TCPA, a plaintiff must show that (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without the recipient's prior consent. 47 U.S.C. § 227(b)(1). The TCPA specifically exempts a caller from liability if the caller has received "prior express consent" from the recipient to be called. 47 U.S.C. § 227(b)(1)(A). Express consent is "[c]onsent that is clearly and unmistakably stated." Black's Law Dictionary 323 (8th ed. 2004).

The Ninth Circuit has not addressed whether general good faith defenses may be raised in a TCPA claim. *Olney v. Job.com, Inc.*, No. 1:12-cv-01724-LJO-SKO, 2014 WL 1747674, at *8

(E.D. Cal. May 01, 2014) ("The parties have cited no authority from the Ninth Circuit that addresses whether TCPA is a strict liability statute, and the Court is unaware of any."). However, courts across the Ninth Circuit have allowed for TCPA defendants to raise prior express consent defenses, which is a form of good faith defense. *Scatterfield*, 569 F.3d at 955; *Reardon v. Uber Technologies, Inc.*, No. 14-CV-05678-JST, 2015 WL 4451209, at *6 (N.D. Cal. July 19, 2015); *Chyba v. First Financial Asset Management, Inc.*, No. 12-cv-1721, 2014 WL 1744136, at *10 (S.D. Cal. Apr.30, 2014); *Robbins v. Coca-Cola-Co.*, No. 13-cv-132, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013).

Here, Defendant's third affirmative defense alleges the possibility that it only called Plaintiff in good faith reliance and belief "upon information provided." (ECF No. 9 at 9.) The Court interprets this statement to mean the Defendant is claiming the prior express consent exception to the TCPA.[3] (ECF No. 19.) Because Defendant's good faith defense is based on its assertion that there was prior express consent, the Court will allow Defendant to raise a prior express consent good faith defense. *Scatterfield*, 569 F.3d at 955 (recognizing the affirmative defense claiming prior express consent). However, the Court's ruling is not to be read as permitting a general good faith defense under the TCPA. Defendant's defense is only permitted in so far as Defendant intends to argue that it had a good faith belief that prior express consent existed. As always, Defendant bears the burden of proof and must produce sufficient facts showing Plaintiff's prior express consent to be contacted. If discovery doesn't support this affirmative defense, the Court is receptive to a subsequent motion.

Defendant is allowed to raise a good faith defense asserting prior express consent because such a defense is applicable to the TCPA. Therefore, the Court denies Plaintiff's Motion to Strike Defendant's third affirmative defense.

### B. Defendant's Seventh to Fifteenth Affirmative Defenses Were Sufficiently Pleaded.

Plaintiff argues in his Motion to Strike that the seventh through the fifteenth affirmative defenses should be stricken as insufficiently pleaded because they are vague and lack material

---

[3] Defendant clarified their position in its Reply by arguing that other courts in the Ninth Circuit have recognized good faith defenses claiming prior express consent. (ECF No. 19 at 5)

factual support.[4] (ECF No. 15 at 5–9.) Defendant argues these defenses were sufficiently pleaded because they provide Plaintiff with fair notice of the defenses being asserted. (ECF No. 19 at 7.) The Court agrees with Defendant and will allow the seventh through the fifteenth affirmative defenses to stand.

Fed. R. Civ. P. 8(c) instructs that a sufficient pleading gives the plaintiff a "fair notice of the defense." *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense," rather than plead a detailed statement of the facts upon which the defense is based. *Kohler v. Islands Restaurants*, 280 F.R.D. at 564. An affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege. *Id.* "For well-established defenses, merely naming them may be sufficient." (ECF No. 15-1 at 3) (citing *Ganley v. Cnty. Of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007). A motion to strike an affirmative defense should only be granted if there are no questions and disputes of fact or law and under no set of circumstances could the defenses succeed. *Carter-Wallace, Inc. v. Riverton Lab., Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y. 1969).

Here, Plaintiff challenges the following affirmative defenses: (7) safe harbor; (8) no authority; (9) estoppel; (10) waiver; (11) unclean hands; (12) contractual arbitration; (13) standing; (14) release; and (15) laches. (ECF No. 15 at 5–9.) Each of these affirmative defenses was stated in a brief manner using general terms. For example, the eleventh affirmative defense of unclean hands was pleaded with just a single sentence, and was one of the shortest defenses under challenge. (ECF No. 9 at 10.) Defendant merely stated, "Plaintiff is barred by the doctrine of unclean hands from asserting the claims, and each of them." *Id.* This statement, despite being vague and general, does put Plaintiff on notice of Defendant's intentions to claim an affirmative defense under the doctrine of unclean hands. This statement sufficiently stated the nature and grounds for the affirmative defense to Plaintiff as required by the fair notice standard. Furthermore, Plaintiff showed that he understood the nature and grounds for this defense when he

---

[4] The Court will address all nine (seventh through fifteenth) affirmative defenses together because Plaintiff challenges them all on the same grounds.

1  attempted to challenge it in his Motion to Strike by explaining to the Court the particular

2  circumstances under which the defense applies.  (ECF No. 15-1 at 8.)  Thus, this affirmative

3  defense was sufficiently pleaded because Defendant provided Plaintiff with fair notice of the

4  nature and grounds for this defense.  Like the eleventh affirmative defense, each affirmative

5  defense challenged by Plaintiff on these grounds are substantively similar in their description.

6  The Court finds that each affirmative defense is sufficiently pleaded.

7  Plaintiff also argues that these affirmative defenses should be stricken because Defendant

8  failed to allege any facts to support the asserted defenses.  *Id*.  However, under the fair notice

9  standard, Defendant does not need to plead a detailed statement of the facts upon which the

10  defense is based.  *Kohler v. Islands Restaurants*, 280 F.R.D. at 564.  Additionally, it is

11  particularly difficult at this initial stage of the lawsuit to conceive what additional facts could be

12  offered to support Defendant's proposition.  Such facts should be obtained through the due course

13  of discovery.  Thus, Defendant sufficiently pleaded each affirmative defense. The Court denies

14  Plaintiff's Motion to Strike Defendant's seventh through fifteenth affirmative defenses.

15  **C. Defendant's Sixteenth Affirmative Defense Does Not Apply to the TCPA.**

16  Defendant's sixteenth affirmative defense of duty to mitigation damages states:

17  
18  > Plaintiff failed and neglected to use reasonable care to protect himself and to avoid, minimize and/or mitigate his alleged injury and/or damages.

19  (ECF No. 9 at 11.)  Plaintiff moves to strike this affirmative defense on grounds that one does not

20  have a duty to mitigate damages under the TCPA.  (ECF No. 15-1 at 10.)  Defendant argues in its

21  Opposition that while there is no duty to mitigate statutory TCPA damages, one does have a duty

22  to mitigate actual damages.  (ECF No. 19 at 5.)  The Court agrees with Plaintiff and will strike the

23  sixteenth affirmative defense.

24  Plaintiff argues that courts have found a plaintiff does not have a duty to mitigate damages

25  under Section 227 of the TCPA.  (ECF No. 15-1 at 10–11 (citing *Powell v. West Asset Mgmt.*,

26  773 F. Supp. 2d 761, 764 (N.D. Ill. 2011)).)  Defendant responds that although failure to mitigate

27  is not a defense to the award of statutory damages, it may be a defense to a claim of actual

28  damages.  (ECF No. 19 at 8–9 (citing *Glover v. Mary Jane M. Elliott, P.C*., No. 1:07-CV-648,

2007 WL 2904050, at *3 (W.D. Mich. Oct. 2, 2007)).) The Ninth Circuit has not taken a position on whether a plaintiff carries a duty to mitigate damages under the TCPA[5], however the Court finds that the weight of available authority indicates that there is no duty to mitigate statutory damages in these cases. *See e.g., Holtzman v. Turza*, No. 08 C 2014, 2010 WL 3076258, at *5 (N.D.Ill. Oct. 29, 2010); *Fillichio v. M.R.S Associates, Inc.*, No. 09–612629–CIV, 2010 WL 4261442, at *5 (S.D.Fla. Oct. 19, 2010). "The TCPA does not expressly include a duty of callees to mitigate the statutorily-prescribed damages by answering or returning telephone calls received from automatic dialing machines and informing the calling entity that it has the incorrect number." *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011). Therefore, the Court is not inclined to apply such a duty.[6]

Plaintiff stated in his Complaint that he is seeking "only damages and injunctive relief for recovery of economic injury." (ECF No. 1 at ¶ 31.) Plaintiff further clarified in his Reply that he is "not seeking actual damages, but rather fixed statutory damages and injunctive relief." (ECF No. 20 at 7.) Because Plaintiff does not seek actual damages, only statutory damages, Defendant's sixteenth affirmative defense does not apply. Therefore, the Court grants Plaintiff's Motion to Strike Defendant's sixteenth affirmative defense without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby:

1. DENIES Plaintiff's Motion to Strike Defendant's third, and seventh to fifteenth affirmative defenses;
2. GRANTS Plaintiff's Motion to Strike Defendant's sixteenth affirmative defense without leave to amend.

IT IS SO ORDERED.

Dated: November 13, 2015

Troy L. Nunley
United States District Judge

---

[5] The Court found only one case within the Ninth Circuit addressing the duty to mitigate defense to a TCPA claim. *The Flag Co. v. Maynard*, No. CIV.05-1194 HU, 2006 WL 2225816, at *2 (D. Or. Aug. 1, 2006). The court in that case dismissed the affirmative defense, but did so on Rule 8(b) grounds. *Id*.

[6] Because Plaintiff states that he does not seek actual damages, the Court does not reach the question of whether a duty to mitigate actual damages exists under the TCPA.